UNITED STATES DISTRICT COURT

141 Church Street, New Haven, CT 06510

| | |
|---|---|
| LEONEL LOPS, ) | |
| Plaintiff, ) | Civil Action No.: 22cv843(JAM) |
| V. ) | Date:   07/06/2022 |
| YOUTUBE, ) | |
| Susan Wojcicki ) | |
| Defendants ) | |

## COMPLAINT

## COMPLAINT FOR TRADEMARK COUNTERFEITING, TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION

Plaintiff, Leonel Lops, is a Connecticut individual, of 127 Tuthill St West Haven, Connecticut, 06516, United States selling goods, and services on the internet; and YouTube, a California corporation, Susan Wojcicki CEO of YouTube, both of 901 Cherry Avenue, San Bruno, California, 94066, United States Plaintiff complains against YouTube Corporation, and Susan Wojcicki Defendants as follows:

## NATURE OF THE DISPUTE

YouTube is an internet-based company that sells goods, and services online. YouTube allows individuals, and companies to sell goods, and services on the internet. YouTube is in commerce for profit.

Mrs. Susan is the CEO of the so-called YouTube managing all operations of YouTube. Mrs. Susan has control, and power, and is decision maker over all YouTube's activities. She is responsible for YouTube's activities.

1. This action arises from Mrs. Susan Wojcicki, and YouTube's repeated, willful, and egregious misappropriation of Mr. Leonel Lops' famous and iconic luxury Trade trademark ("CONFIDENCE EMPIRE.") Despite being aware of Mr. Lops' exclusive trademark rights, YouTube, and Mrs. Susan Wojcicki nevertheless have repeatedly infringed these rights by selling a variety of products bearing close imitations and counterfeits of the CONFIDENCE EMPIRE trademark, including eyewear, luggage, shoes, and, most recently, posting videos of unknown individuals living, and dancing in extreme dirty, and poor areas.

2. Set forth below on the left are images of Confidence Empire bearing the famous CONFIDENCE EMPIRE Trademark. On the right, are images of two items offered for sale by YouTube and promoted falsely, maliciously, and deceptively as "CONFIDENCE EMPIRE."





3.Although YouTube's, and Mrs. Susan Wojicki's copycat shoes are of inferior quality, they are superficially indistinguishable from Confidence Empire's luxury shoes by using the brand name Confidence Empire without permission. Defendants' sale of these infringing items is all the more egregious given that Defendants had received a cease-and-desist letter. And other communications from Mr. Lops in 2020 regarding the use of the brand name on several different products bearing unauthorized reproductions of the CONFIDENCE EMPIRE Wordmark.

4.Defendnats' pattern and practice of offering for sale and selling various products featuring the CONFIDENCE EMPIRE's Trademark or confusingly similar wordmark thereof must end. Defendants' misuse of the CONFIDENCE EMPIRE's Trademark on counterfeit and infringing merchandise has significantly injured CONFIDENCE EMPIRE's hard-earned reputation and goodwill, and has diluted the distinctiveness of the famous CONFIDENCE EMPIRE Trademark. Defendants' repeated actions are willful, intentional, and damaging to CONFIDENCE EMPIRE, and the famous CONFIDENCE EMPIRE Trademark.

5.Accordingly, Mr. Lops now brings this action against YouTube, and Mrs. Susan Wojcicki for trademark counterfeiting, infringement, trademark dilution, and for violations of the Connecticut State common law, and related causes of action brought pursuant to Sections 32, 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and (c), Conn. Gen. Stat. {42-110a el. sgq. is the Connecticut Unfair Trade Practices Act (CUTPA). CUTPA Conn. Gen. Stat. *42-110b prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce, and General Business Law of the State of Connecticut.

## THE PARTIES

### Plaintiff

6. Plaintiff Leonel Lops, a Connecticut individual, an entrepreneur of 127 Tuthill St West Haven, Connecticut, 06516, United States;

### Defendants

7. Upon information and belief, YouTube Corporation is a so-called corporation organized under the laws of California with a principal place of business at 901 Cherry Avenue, San Bruno, California, 94066, United States.

8. Susan Wojcicki, an individual, is the CEO of a certain Internet video, advertising, and marketplace company called YouTube located at 901 Cherry Avenue, San Bruno, California, 94066, United States.

9. Upon information and belief, Defendants procure, market, distribute, offer for sale, and sell a wide array of merchandise, and services nationwide, including in Connecticut via online store, through the youtube.com website and through its brick-and-mortar YouTube stores located in California and elsewhere. YouTube is the registered owner and administrator of the YouTube.com website.

## FIRST COUNT: TRADEMARK COUNTERFEITING

1. The wordmark used by Defendants is spurious. 18 U.S.C. § 2320(d)(1)(a).

1.1 The wordmark used by the Defendants is "not genuine or authentic. Defendants use the fake mark in connection with trafficking of goods, and services. 18 U.S.C. § 2320(d)(1)(A)(i).

1.2 The spurious mark is "identical with, or substantially indistinguishable from" the genuine registered trademark. 18 U.S.C. § 2320 (d)(1) (a)(ii). The counterfeiters from escaping liability by modifying a protected trademark in trivial ways. The genuine mark is registered on the principal register in the United States Patent and Trademark Office.

1.3 Trademark Office. 18 U.S.C. § 2320(d)(1)(A)(ii). Defendants are doing business on the internet which does not limit their commerce territorial activities. Plaintiff is doing business on the internet which has no territorial limit. The mark has been in interstate commerce prior to registration. 15 U.S.C. § 1057(b). Defendants may or may know that the mark was registered. See 18 U.S.C. §

2320(d)(1)(A)(ii). The genuine mark is both registered, and in use. 18 U.S.C. § 2320(d)(1)(A)(ii).

1.4 Defendants engage in selling not only goods or services are those for which the genuine mark is registered. 18 U.S.C. § 2320(d)(1)(A)(ii), but also limit Plaintiff in eventual expansion in the markets.

1.5 The Defendants use of counterfeit mark is "likely to cause confusion, to cause the mistake, or to deceive." 18 U.S.C. § 2320(d)(1)(iii). The phrase "use of which is likely to cause confusion, to cause mistake, or to deceive" in relation to the remedial section of the Lanham Act.

## SECOND COUNT: TRADEMARK INFRINGEMENT

2. Plaintiff has a registered trademark, and created an account on YouTube to advertise his products.

2.1 Defendants corrupted, or let individuals corrupt his account with the same name "Confidence Empire." There is a clear similarity here.

2.2 Defendants are using the same exact wordmark "Confidence Empire" without authorization.

2.3 Confidence Empire has a strength of seniority that is well established in the market.

2.4 Defendants use the mark in an arbitrary, abusive, suggestive, and descriptive way by publishing distasteful contents not related to the business of the Plaintiff.

2.5 Defendants engage in sale, and promotion of goods and services in proximity of the Plaintiff's goods and services both on direct competing products, related; and indirect competition of non-related products.

2.6 There is evidence of actual confusion by consumers. Consumers believe that the same name they know Confidence Empire and this must be the same organization. Consumers are actually confused the products, and the organizations because of the same name.

2.7 Confidence Empire's account was created on YouTube to advertise products. The fraudulent marketing channel used shares same channels of trade on YouTube. Consumers are confused about the name "Confidence Empire."

2.8 Customers focus on the name "Confidence Empire" to buy products, in making purchasing decisions.

2.9 Defendants, who are the infringers are trying to create a likelihood of confusion to deceive consumers. Confidence Empire is a well-known trademark with Likelihood of market expansion. The brand in question expands into overlapping markets, or with an eventual expansion that can create new competition and result in consumer confusion. Defendants engage in fraudulent activities of publishing fake contents not only to confuse consumers, but also to make plaintiff lose profits.

## THIRD COUNT: FALSE ADVERTISEMENT

3. Defendants engage in adverting, and promoting Fake videos, and products without authorization of the registered trademark owner.

3.1 The defendants engage in fraudulent activities of using a registered trademark that does not belong to them.

3.2 The Defendants use of misleading contents to attack Confidence Empire, and to promote false contents.

3.3 Defendants made aware of the infringement, but continue to upload more false contents using the wordmark "Confidence Empire."

3.4 Defendants engage in the use of misleading illustrations, photographs, and videos to promote false contents about Confidence Empire.

3.5 Defendants also engage in modifications of the mark by adding, and omitting character to make products, contents, and the wordmark appear to be of a different quality.

3.6 Defendants falsely engage in fraudulent activities by claiming that those contents promoting on YouTube come from the real Confidence Empire, or misrepresenting the mark.

3.7 Defendants engage in deceptive comparison of the false contents and the genuine mark "Confidence Empire. The federal Lanham Act allows civil lawsuits for false advertising that "misrepresents the nature, characteristics, qualities, or origin" of goods or services. 15 U.S.C. § 1125(a). The FTC also enforces false advertising laws on behalf of consumers.

## FOURTH COUNT: TRADE LIBEL

4. YouTube, and Mrs. Susan Wojcicki harmed the Plaintiff's business by making false, defamatory statement, and by publishing defamatory statements to online users, and potential customers that disparaged the plaintiff, and the enterprise value of his business.

4.1 YouTube, and Mrs. Susan Wojcicki published dirty contents, and people dancing in very dirty areas to make people believe that is what Confidence Empire is.

4.2 YouTube, and Mrs. Susan Wojcicki made false statements, and published deceptive contents that are clearly, and necessary understood to have disparaged the quality of goods, and services of Confidence Empire.

4.3 The contents were published to the public where people interact with the contents by liking them, and by commenting on them as well.

4.4 YouTube, and Mrs. Susan Wojcicki published contents that are not true, and they do not represent the values, and the quality of Confidence Empire.

4.5 YouTube, and Mrs. Susan Wojcicki knew what they published were untrue, and they acted with reckless disregard of the truth or falsity of their statements, and their published defamatory contents.

4.6 YouTube, and Mrs. Susan Wojcicki knew or should have recognized that someone else might act in reliance on the false statements, and the publications causing Mr. Lops financial loss.

4.7 As a result, Mr. Lops suffered direct financial harm because someone else acted in reliance on the defamatory statements.

4.8 YouTube, and Mrs. Susan Wojcicki's conduct was a substantial factor in causing harm to Mr. Lops' enterprise value by intentional injurious falsehood.

4.9 The screen shots are offensive and harmful to the Plaintiffs' business and constitute libel per se as they in no way represent the Plaintiff's actual business operations and are offensive to the customers of the Plaintiffs. As a result of the Defendant's conduct as aforesaid the Plaintiff has suffered and will in the future suffer damages including lost revenues, lost profit and damages to the enterprise value of his business.

## FIFTH COUNT: INTENTIONAL NEGLIGENCE

5. The Plaintiff opened a business account on YouTube.

5.1 YouTube, and Mrs. Susan Wojcicki have a duty of care to protect that account. YouTube failed to monitor the activity on this account that was intended to pay YouTube for advertising Mr. Lops' goods and services. **(See Exhibit F)**

5.2 Defendant fails to exercise reasonable care, and let the account being breached. There is a privacy issue that is not compatible with the standard of care exercised by an ordinary prudent person.

5.3 Defendant Caused the Plaintiff's Loss: The breach is the direct cause of harm suffered by the plaintiff' enterprise, that is both the actual cause and the proximate cause. Without that breach, the plaintiff's enterprise would not have suffered an economic injury. The extent of the economic injuries suffered by the Plaintiff's enterprise where reasonably related to the breach.

5.4 Plaintiff's enterprise suffered Damages of $ 1000,000,000.00 USD

Paragraphs five through 5.4 of the Fifth Count are hereby incorporated into this fifth Count paragraph 5.5 through 5.8 as if more fully set forth therein.

5.5 The Defendants have and owe a duty to the Plaintiff to not allow his trademark to be interfered with, and not to allow his account to be corrupted, but Defendants upon learning that the Plaintiff's account was compromised, started uploaded more harmful contents willfully. Therefore, Mr. Lops files in inter alia trademark counterfeiting pursuant to section 32(1)(a) of Lanham Act 15 US Code § 1114 (a)(1), and trademark infringement pursuant to section 43 (a)(1) of the Lanham Act, id. § 1125 (a)(1). It was at this point that YouTube, and Mrs. Susan Wojcicki also continued an extensive, and flagrant fraud that still not being taken care of. The evidence demonstrates that the defendants engage in fraud, by fabricating or altering a registered business account, as well as repeated instances of perjury, and other dishonest conduct not only to defraud customers, but also to commit crimes. Defendants have allowed this by the dangerousness of lack of privacy, and willfully. By intentional negligence, and by omission of protection to the Plaintiff's account, defendants failed to act when they should have. A reasonable prudent person would see a duty under the circumstances, and would take quick action to cure the negligence. **(Exhibit C)**

5.6. The Defendants' conduct has been negligent and careless in that despite demand from the Plaintiff to remove the same account they corrupted, or have allowed others unknown to the Plaintiff to use the trademark name Confidence Empire for their own purposes which purposes are contrary to and violative of the Plaintiff's rights. The defendants failed to uphold the duty of care, acting negligently toward the plaintiff. Defendants failed to protect the Plaintiffs against harm to the rights, property or safety of the Plaintiff's account. Defendants failed to enforce applicable Terms of Service, including investigation of potential violations. Defendants failed to detect, prevent, or otherwise address fraud, security failure, or technical issues. **(Exhibit B)**

5.7. The Defendants are responsible for damages that they could have reasonably foreseen and prevented, if they have taken quick action, and if they had better technology to monitors online activities, and accounts. The Defendants lack of privacy by not clearly identifying who are the creators of this account. The Plaintiff's economic injury resulted in a way from the defendants' actions that they could have imagined if they used the right technology to detect fraud, or just because they did it on purpose, and if they paid more attention to privacy of customers. Defendants should have known that account that they have allowed to be corrupted, or they corrupted with false contents was false. Plaintiff's economic injury would not have happened if not for the defendants' actions. **(Exhibit C)**

5.8. As a result of the Defendants' negligence and carelessness as aforesaid, the Plaintiff has suffered damages including lost revenue, lost profit and a destruction of the enterprise value of his business, in the amount of one billion US dollars, ($ 1,000,000,000.00 USD.) (Exhibit D)

## SIXTH COUNT: TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT

6.1. Defendants flagrantly engage in trademark infringement by using the wordmark Confidence Empire without permission.

6.2. The Plaintiff, Leonel Lops owns a registered trademark.

6.3. The Plaintiff has put goods and services into commerce and as such has attained common law trademark rights under Connecticut, and federal law.

6.4   The Plaintiff discovered his page on YOUTUBE where the CONFIDENCE EMPIRE wordmark was being used and infringed without Plaintiffs' consent. (Screenshots are attached, YOUTUBE infringement 1 .pdf; YOUTUBE infringement 2.pdf; YOUTUBE infringement 3.pdf.) **(Exhibit B)**

6.5.   The Plaintiff, submitted several take-down requests to YOUTUBE for the YOUTUBE page because of the trademark infringement. YOUTUBE failed to take any action. (See attached letters. )**(Exhibit B)**

6.6.   The Plaintiff's trade name and use are trademarked by the United States Trademark Office. (The Plaintiffs' marks). **(Exhibit A)**

6.7.   By their conduct as aforesaid the Defendants are in violation of the Plaintiffs' marks and as such is a violation 15 USC 51125 (The Lanham Act) and Conn. Gen. Stat. {35-1 la et. seq.

6.8.   As a result of the Defendant's violation of the Lanham Act and Connecticut Trademark Law as aforesaid the Plaintiff's enterprise has been damaged.

## SEVENTH COUNT: CONNECTICUT UNFAIR TRADE PRACTICES ACT

7- CUTPA forbids unfair trade practices, and unfair competition.

7.1   Conn. Gen. Stat. {42-110a el. sgq. is the Connecticut Unfair Trade Practices Act (CUTPA).

7.2   CUTPA Conn. Gen. Stat. *42-110b prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

7.3 The actions of the Defendant as aforesaid which are continuing and ongoing constitute a violation of CUTPA for which the Plaintiff's enterprise has suffered damages which are or may be unquantifiable in that its actions have created confusion in the market place.

## EIGHTH COUNT: TRADEMARK DILUTION

8 Defendants use the Plaintiff's mark in dirty contents that have nothing to do with the genuine mark.

8.1 The Federal Trademark Dilution Act (FTDA), 15 U.S.C. § 1125(c)

8.2 FTDA), 15 U.S.C. § 1125(c) prohibits trademark dilution.

8.3 The Plaintiff owns a famous mark, and the use of the mark by the Defendants on their Platforms diminishes the strength, and value of the trademark owner's mark by "blurring" the mark's distinctiveness, and "tarnishing" the mark's image by connecting it to something distasteful, and objectionable.

8.4 The Plaintiff discovered his page on YOUTUBE where the CONFIDENCE EMPIRE mark was being used and infringed without Plaintiff consent. screenshots are attached (YouTube infringement 1 .pdf; YOUTUBE infringement 2.pdf; YOUTUBE infringement 3.pdf).(**Exhibit B**)

## WHEREFORE, the Plaintiffs claims:

1. Money damages of the amount of one billion US dollars, ($1.000,000,000.00 USD.)

2. Costs of the amount of two million US dollars, ($ 200,000.00 USD), including cost of experts, travels, services, and other miscellaneous expenses.

3. An injunction relief requiring the Defendants to take immediate steps to correct and fix their website so that the false and faulty information associated with the Plaintiffs' brand name is corrected.

4. Punitive damages pursuant to 15 USC 1125; of the amount of five hundred million US dollars, ($ 500,000,000.00 USD)

5. Punitive damages pursuant to Conn. Gen. State *42-110g(a);

6. A Temporary, and a permanent injunction pursuant to 15 USC S 116;

7. A permanent injunction pursuant to Conn. Gen. Stat. 542-110g(d) enjoining the Defendant from its continued violation of Conn. Gen. Stat. 542-110b; to stop unfair trade practices.

8. Such other and further relief as the court deems equitable and just.

## CERTIFICATION OF SERVICE

I hereby certify that on July 6th, 2022, a copy of the foregoing was filed with the court, and served on anyone indicated below.

Google LLC, D/B/A YouTube,

901 Cherry Ave.

San Bruno, CA 94066

USA

Fax: +1 650-253-0001

Susan Wojcicki

901 Cherry Ave.

San Bruno, CA 94066

USA

THE PLAINTIFF

LEONEL LOPS

BY: *[signature]*

Leonel Lops

127 Tuthill ST

West Haven, CT 06516

Phone No.: 203.506.1672

Fax No.: 800. 303.7857

LOPS3020@YAHOO.COM