UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LEONEL LOPS,
    *Plaintiff*,

v.

YOUTUBE, LLC *et al.*,
    *Defendants*.

No. 3:22-cv-843 (JAM)

**ORDER GRANTING MOTION TO DISMISS**

Plaintiff Leonel Lops filed this lawsuit against YouTube and its CEO, Susan Wojcicki, for violating his trademark. He brings his claims under the Lanham Act, the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. § 35-11i, and Connecticut common law. For the reasons set forth below, I will grant the defendants' motion to dismiss.

### BACKGROUND

Lops claims to sell luxury shoes under the brand name "Confidence Empire" and to maintain a YouTube account to advertise his products.[1] He alleges that YouTube and Wojcicki sold various products, including eyewear, luggage, and shoes, with his "Confidence Empire" mark.[2] He further alleges that the defendants posted "videos of unknown individuals living, and dancing in extreme dirty, and poor areas" [sic].[3] The videos appear to be those of a dance troupe named "Confidence Empire."[4] Lops claims that the defendants published the videos and failed to remove them.[5]

Lops alleges the following eight claims: federal criminal trademark counterfeiting under 18 U.S.C. § 2320 (Count One), trademark infringement under 15 U.S.C. § 1114, 15 U.S.C.

---

[1] Doc. #1 at 3 (¶ 3), 5 (¶ 2).
[2] *Id.* at 2 (¶¶ 1–2).
[3] *Ibid.* (¶ 1).
[4] *See* Doc. #11-2 at 2–16.
[5] Doc. #1 at 7 (¶¶ 4.1–4.2), 8–9 ¶¶ (5.5–5.6).

§ 1125(a), and Conn. Gen. Stat. § 35-11i (Counts Two and Six), federal false advertising under 15 U.S.C. § 1125(a) (Count Three), trade libel (Count Four), intentional negligence (Count Five), violation of the Connecticut Unfair Trade Practices Act (CUTPA) (Conn. Gen. Stat. § 42-110b) (Count Seven), and federal trademark dilution under 15 U.S.C. § 1125(c) (Count Eight).[6] He seeks $1 billion in damages, $2 million in costs, at least $500 million in punitive damages, and temporary and permanent injunctive relief.[7]

## DISCUSSION

When considering a motion to dismiss under Rule 12(b)(6), a court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless the facts it recites are enough to state plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As the Supreme Court has explained, this "plausibility" requirement is "not akin to a probability requirement," but it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ibid.*[8] In other words, a valid claim for relief must cross "the line between possibility and plausibility." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

The Court liberally construes the pleadings of a *pro se* party in a non-technical manner to raise the strongest arguments that they suggest. *See, e.g.*, *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156–57 (2d Cir. 2017) (*per curiam*). Still, a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

Because the focus must be on what facts a complaint alleges, a court is "not bound to accept as true a legal conclusion couched as a factual allegation" or "to accept as true allegations

---

[6] *Id.* at 4–11 (¶¶ 1–8.4).
[7] *Id.* at 11 (¶¶ 1–8).
[8] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

that are wholly conclusory." *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014). A complaint that makes a threadbare recital of the elements of a cause of action without including supporting factual allegations does not establish plausible grounds for relief. *See Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019). In short, my role in reviewing a motion to dismiss under Rule 12(b)(6) is to determine if the complaint—apart from any of its conclusory allegations—alleges enough facts to state a plausible claim for relief.

### *Criminal trademark counterfeiting (Count One)*

Lops alleges that YouTube violated 18 U.S.C. § 2320, which makes it a criminal offense to intentionally traffic in counterfeit goods or services.[9] But "no private right of action exists under criminal statutes absent an indication that Congress intended to create such a private right of action." *Nath v. Select Portfolio Servicing, Inc.*, 732 F. App'x 85, 87 (2d Cir. 2018). Congress has not indicated its intent to create a private right of action under § 2320. *See Grazette v. Bitcoin of Am.*, LLC, 2020 WL 6789352, at *3 n.7 (E.D.N.Y. 2020) (dismissing a § 2320 civil claim on these grounds); *BBC Grp. NV LLC v. Island Life Rest. Grp. LLC*, 413 F. Supp. 3d 1032, 1041 (W.D. Wash. 2019) (same). I will therefore dismiss Count One of Lops's complaint.

### *Trademark infringement (Counts Two and Six)*

Next, Lops alleges that YouTube violated sections 32 and 43 of the Lanham Act by infringing his Confidence Empire trademark. *See* 15 U.S.C. §§ 1114, 1125(a)(1)(A).[10] There are five elements to a federal trademark infringement claim: "that (1) [the plaintiff] has a valid mark that is entitled to protection under the Lanham Act; and that (2) the defendant used the mark, (3) in commerce, (4) in connection with the sale … or advertising of goods or services, (5)[] without the plaintiff's consent." *1-800 Contacts, Inc. v. WhenU.Com, Inc.*, 414 F.3d 400, 406–07 (2d Cir.

---

[9] Doc. #1 at 4–5 (¶¶ 1–1.5).
[10] *Id.* at 3 (¶ 5), 5–6 (¶¶ 2–2.9), 9–10 (¶¶ 6.1-6.8).

2005). Lops must also show that YouTube's "use of that mark is likely to cause confusion … as to the affiliation, connection, or association of defendant with plaintiff, or as to the origin, sponsorship, or approval of the defendant's goods, services, or commercial activities by plaintiff." *Id.* at 407.

Lops has not plausibly alleged that YouTube has used the mark in commerce or in connection with the sale or advertising of goods or services. He asserts that YouTube sells eyewear, luggage, and shoes bearing his "Confidence Empire" mark. But the nature of YouTube's services are "generally known and not subject to reasonable dispute." *Bus. Casual Holdings, LLC v. YouTube, LLC*, 2022 WL 837596, at *1 n.1 (S.D.N.Y. 2022) (citing *Viacom Int'l v. YouTube, Inc.*, 676 F.3d 19, 28 (2d Cir. 2012)). "YouTube operates a user-generated content hosting platform on which users may upload, view, and share video content." *Id.* at *1. YouTube is a "streaming platform," not an "online marketplace." *Yout, LLC v. Recording Indus. Ass'n of Am., Inc.*, 2022 WL 4599203, at *16 (D. Conn. 2022); *Ripple Labs Inc. v. YouTube LLC*, 2020 WL 6822891, at *5 (N.D. Cal. 2020). Lops fails to plausibly allege that YouTube sells tangible goods, much less that it sells tangible goods that bear the mark "Confidence Empire."

Lops's claims that YouTube posted and failed to remove videos bearing the "Confidence Empire" mark fare no better. Lops does not include any evidence of these videos in his complaint. But "a court may consider documents attached to the complaint as exhibits, or incorporated by reference, as well as any documents that are integral to, or explicitly referenced in, the pleading." *Matusovsky v. Merrill Lynch*, 186 F. Supp. 2d 397, 400 (S.D.N.Y. 2002) (citing, *inter alia*, *I. Meyer Pincus & Assocs. v. Oppenheimer & Co., Inc.*, 936 F.2d 759, 762 (2d

4

Cir.1991)). "If a plaintiff's allegations are contradicted by such a document, those allegations are insufficient to defeat a motion to dismiss." *Ibid*.

Lops attaches screenshots of Confidence Empire's videos to his preliminary injunction motion. But the screenshots do not depict any infringement of Lops's alleged Confidence Empire trademark. Moreover, the exhibits indicate that the videos were created or posted by third parties rather than by YouTube.[11] But YouTube cannot be subject to direct liability for trademark infringement based on videos uploaded by third parties. *See Lopez v. Bonanza.com, Inc.*, 2019 WL 5199431, at *10 (S.D.N.Y. 2019) (citing, *inter alia*, *Tiffany (NJ) Inc. v. eBay, Inc.*, 600 F.3d 93, 103 (2d Cir. 2010)); *Sellify Inc. v. Amazon.com, Inc.*, 2010 WL 4455830, at *2 (S.D.N.Y. 2010).

To be sure, Lops alleges in his opposition brief that YouTube committed not just direct infringement, but also vicarious and contributory infringement.[12] But Lops did not allege this in his complaint. *Honickman v. BLOM Bank SAL*, 6 F.4th 487, 502 n.19 (2d Cir. 2021) ("A Rule 12(b)(6) motion tests the adequacy of the complaint … not the briefs."); *Ludtke v. United States*, 84 F. Supp. 2d 294, 302 n.3 (D. Conn. 1999) ("[A] complaint cannot be cured by a memorandum of law in opposition to a motion to dismiss."). In any event, the facts do not plausible show vicarious or contributory infringement by YouTube.

In short, Lops fails to plausibly allege that YouTube's actions or inactions with respect to the videos infringed his trademark. *See Confidence Empire, Inc. v. Meta Platforms, Inc.*, 2022 WL 993603, at *4 (D. Conn. 2022) (dismissing a "Confidence Empire" trademark claim brought under the Lanham Act against Facebook's parent company and noting that "the exhibits

---

[11] Doc. #11-2 at 2–16.
[12] *See* Doc. #49 at 16–17, 29, 31, 34–36.

themselves make clear that none of the pages are selling the clothes or jewelry appearing in the photographs").

Finally, even though Count Six is titled "Trademark Infringement Under the Lanham Act," Lops alleges in this count that YouTube violated not only the Lanham Act, but also Connecticut state trademark law.[13] Conn. Gen. Stat. § 35-11i(a) prohibits the use of a Connecticut state-registered mark without the consent of the registrant. But Lops's complaint does not allege that he registered "Confidence Empire" with the State of Connecticut.[14] *Cf. id.* at *5 (dismissing § 35-11i claim on the same ground).

I will therefore dismiss Counts Two and Six of Lops's complaint.

### *False advertising (Count Three)*

The Lanham Act prohibits the use of a mark "in commercial advertising or promotion[ that] misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1)(B).

Lops alleges that the defendants falsely advertised Confidence Empire products without his permission, including that the defendants "engage in the use of misleading illustrations, photographs, and videos to promote false contents about Confidence Empire" and that they "claim[] that those contents promot[ed] on YouTube come from the real Confidence Empire, or misrepresenting the mark" [sic].[15]

"[T]o constitute 'commercial advertising or promotion' under the Lanham Act, a statement must be: (1) commercial speech, (2) made for the purpose of influencing consumers to buy defendant's goods or services, and (3) although representations less formal than those made

---

[13] Doc. #1 at 9, 10 (¶ 6.7).
[14] *See generally id.*; *see also* Doc. #53 at 5 ("Plaintiff does not need to register a trademark in the State of Connecticut when that registration has no legal value.").
[15] Doc. #1 at 6 (¶¶ 3.4, 3.6).

as part of a classic advertising campaign may suffice, they must be disseminated sufficiently to the relevant purchasing public." *Gmurzynska v. Hutton*, 355 F.3d 206, 210 (2d Cir. 2004). But Lops does not allege that the videos constitute commercial advertising or promotion because he makes no showing that the videos fulfill the first two elements of *Gmurzynska*—that they are commercial speech and made for the purpose of influencing consumers to buy YouTube's goods or services. *Cf. Baiqiao Tang v. Wengui Guo*, 2019 WL 1207859, at *4 (S.D.N.Y. 2019) ("Plaintiffs fail to adequately allege that [defendant's] communications on YouTube, Twitter, and to individual donors is commercial speech because they have not alleged that his speech was economically motivated … Accordingly, Plaintiffs have failed to state a claim under section 43(a) of the Lanham Act and their first claim in this action is thereby dismissed.").

Because Lops does not plead enough facts to give rise to a plausible false-advertising claim against YouTube, I will dismiss Count Three of Lops's complaint.

### *Trade libel (Count Four)*

Lops alleges that YouTube committed trade libel because the allegedly infringing content posted was "dirty," and its publication "disparaged the quality of goods[] and services of Confidence Empire."[16] To successfully plead a claim for trade libel under Connecticut law, Lops must satisfy the elements of the tort of defamation, specifically that "(1) [the defendant] made a defamatory statement; (2) the defamatory statement identified the [plaintiff] to a reasonable third person; (3) the defamatory statement was published to a third person; and (4) the [plaintiff's] reputation suffered injury as a result of the defamatory statement." *QSP, Inc. v. Aetna Cas. & Sur. Co.*, 256 Conn. 343, 356 (2001); *see also id.* at 358–60 ("Defamation or disparagement of a

---

[16] *Id.* at 7 (¶¶ 4.1, 4.2).

business' goods and services may be considered trade libel."); *Confidence Empire v. Meta Platforms, Inc.*, 2022 WL 993603, at *3.

Lops does not plead facts that satisfy the fourth element of a trade libel claim: injury. Lops writes that he "suffered direct financial harm because someone else acted in reliance on the defamatory statements" and that YouTube's conduct "was a substantial factor in causing harm to Mr. Lops' enterprise value by intentional injurious falsehood."[17] But he does not explain who acted in reliance on the alleged defamatory statements, how the reliance harmed him, and what the nature and magnitude of the alleged loss was. Instead, Lops "makes a threadbare recital of the elements of a cause of action without including supporting factual allegations." *See Hernandez*, 939 F.3d at 198. Because Lops does not establish plausible grounds for a grant of relief on his trade libel claim, I will dismiss Count Four of Lops's complaint.

### *Intentional negligence (Count Five)*

Lops alleges that YouTube committed "intentional negligence" by permitting his "business account on YouTube" to be "breached" and permitting "his trademark to be interfered with."[18] But Lops has not cited any Connecticut case law that would permit a trademark claim to be brought as a negligence claim. *See Ure v. Fineline Indus., Inc.*, 2004 WL 1498140, at *2 (D. Conn. 2004) ("Plaintiff seeks to assert what can only be characterized as a combination negligence/trademark violation claim. However, Plaintiff has not provided the Court with any case law that would support such a hybrid claim.").

Moreover, because I have already determined that Lops fails to state a plausible claim for trademark infringement, it follows that Lops fails to plausibly allege that YouTube breached a duty to protect his trademark from being infringed. *Cf. Confidence Empire, Inc. v. Meta*

---

[17] *Ibid.* (¶¶ 4.7–4.8).
[18] *Id.* at 8 (¶¶ 5, 5.2, 5.5).

*Platforms, Inc.*, 2022 WL 993603, at *4 ("Even assuming Meta would have had a duty to stop trademark infringement occurring via its Facebook platform, plaintiffs' claim fails because they do not plausibly allege trademark infringement.... Therefore, even if they have pled a duty, they fail to plead a breach, and their negligence claim must fail."). I will therefore dismiss Count Five of Lops's complaint.

### Federal trademark dilution (Count Eight)

Section 43(c) of the Lanham Act permits "the owner of a famous mark that is distinctive, inherently or through acquired distinctiveness" to obtain "an injunction against another person who, at any time after the owner's mark has become famous, commences use of a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark." 15 U.S.C. § 1125(c)(1).

Lops alleges that YouTube violated the Lanham Act's trade dilution provision by "us[ing] the Plaintiff's mark in dirty contents that have nothing to do with the genuine mark."[19] But to state a claim for trade dilution, Lops must plausibly allege that YouTube used his mark "in commerce." *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 736 F.3d 198, 205 (2d Cir. 2013). As I explained in dismissing Lops's trademark infringement claims (Counts Two and Six), Lops has failed to do so. I will therefore dismiss Count Eight of Lops's complaint.

### CUTPA (Count Seven)

CUTPA prohibits the use of "unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. § 42–110b(a). The statute "provides a private cause of action to any person who suffers any ascertainable loss of money or property, real or personal, as

---

[19] *Id.* at 10 (¶ 8).

a result of the use or employment of a prohibited method, act or practice." *Harris v. Bradley Mem'l Hosp. & Health Ctr., Inc.*, 296 Conn. 315, 351 (2010).

Lops alleges without elaboration that YouTube's actions "violat[e] CUTPA for which the Plaintiff's enterprise has suffered damages which are or may be unquantifiable in that its actions have created confusion in the market place."[20] But Lops's CUTPA claim—Count Seven of Lops's complaint—has the same shortcoming as Lops's CUTPA claim in his prior trademark suit against Meta: both claims are "entirely derivative" of his other trademark claims. *Confidence Empire, Inc. v. Meta Platforms, Inc.*, 2022 WL 993603, at *5. In other words, because the CUTPA claim is "alleged in skeletal form and largely based on the same factual allegations that support the Lanham Act claims, … the CUTPA claims cannot survive for the same reasons I have explained that the Lanham Act claims must be dismissed." *Bruce Kirby, Inc. v. Laserperformance (Eur.) Ltd.*, 2018 WL 3614117, at *3–5 (D. Conn. 2018). I will therefore dismiss Count Seven of Lops's complaint.

### Defendant Susan Wojcicki

In addition to Lops's allegations against YouTube, Lops also brings the same claims against YouTube's CEO, Susan Wojcicki.[21]

"It is well-established in the Second Circuit that under the Lanham Act, a corporate officer may be held personally liable for trademark infringement and unfair competition if the officer is a moving, active, conscious force behind the defendant corporation's infringement." *Int'l Diamond Importers, Inc. v. Oriental Gemco (N.Y.), Inc.*, 64 F. Supp. 3d 494, 515 (S.D.N.Y. 2014); *accord Innovation Ventures, LLC v. Ultimate One Distrib. Corp.*, 176 F. Supp. 3d 137, 155 (E.D.N.Y. 2016); *Souza v. Algoo Realty, LLC*, 2020 WL 5300925, at *12 (D. Conn. 2020).

---

[20] *Ibid.* (¶ 7.3).
[21] *See generally id.*

"A corporate officer is considered a moving, active, conscious force behind a company's infringement when the officer was either the sole shareholder and employee, and therefore must have approved of the infringing act, or a direct participant in the infringing activity." *Innovation Ventures*, 176 F. Supp. 3d at 155.

Lops does not allege that Susan Wojcicki is YouTube's sole shareholder or employee. Instead, he alleges that she "manag[es] all operations of YouTube," "has control, and power, and is decision maker over all YouTube's activities," and "is responsible for YouTube's activities."[22]

But conclusory allegations like these are not enough to state a claim against Wojcicki as a direct participant in the infringing activity. YouTube is a vast streaming platform that hosts millions of videos uploaded by users. It is not plausible to conclude that Wojcicki as chief executive officer had any personal involvement with respect to the activities alleged by Lops as the basis for his claims against YouTube.

For example, in *Steven Madden, Ltd. v. Jasmin Larian, LLC*, 2019 WL 294767, at *5 (S.D.N.Y. 2019), the district court dismissed the defendant's Lanham Act counterclaim against Steve Madden's Creative and Design Chief. The court noted that "the allegations that Madden is the 'principal architect' of the alleged wrongdoing, and the 'moving, active, and conscious force' behind the Company and its product design, are mere legal conclusions and not entitled to a presumption of truth." *Ibid.*

So too here. Lops makes no plausible allegations that Wojcicki, as CEO of YouTube, directly participated in the alleged infringement of Lops's trademark. Instead, he refers to the defendants collectively as "Defendants" or makes allegations against "YouTube, and Mrs. Susan Wojcicki."[23] Lops makes no allegations that Wojcicki—as distinct from YouTube—is subject to

---

[22] *Id.* at 2.
[23] *See generally id.*

11

any of his claims. A complaint against a corporate officer for infringement cannot survive a motion to dismiss if it contains no nonconclusory factual allegations that the officer directly participated in the alleged infringement. *See Engine Cap. Mgmt., LP v. Engine No. 1 GP LLC*, 2021 WL 1372658, at *13 (S.D.N.Y. 2021); *see also Hectronic GmbH v. Hectronic USA Corp.*, 2020 WL 6947684, at *6 (S.D.N.Y. 2020) (dismissing Lanham Act claims against corporate officers in part because "[m]ost of the allegations regarding the alleged infringement are against 'Defendants' as a group; plaintiffs do not make any specific allegations detailing how the [individuals] participated in or authorized [the alleged infringement]"). I will therefore dismiss Lops's claims against defendant Wojcicki.

## CONCLUSION

For the reasons set forth above, the Court GRANTS the defendants' motion to dismiss (Doc. #40). Because it is apparent that any amendment would be futile for the reasons set forth by the defendants, this dismissal is with prejudice. The Court DENIES as moot the plaintiff's amended motion for preliminary injunction (Doc. #11) and GRANTS the defendants' request for judicial notice (Doc. #42). The Court also GRANTS the defendants' motion to strike plaintiff's sur-reply (Doc. #59) and DENIES as moot the plaintiff's motion to vacate the Court's order granting defendants' motion to vacate scheduling deadlines (Doc. #69).

The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 3d day of March 2023.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge